# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**FRANCES RENEE PERRY**                                                      **PETITIONER**
**ADC #708998**

v.             **CASE NO.: 5:08CV00027 SWW/BD**

**LARRY NORRIS, Director,**
**Arkansas Department of Correction**                                **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

II.     **Background:**

On August 17, 2006, Petitioner entered a plea of *nolo contendere* in Jefferson County Circuit Court to four counts of forgery and one count of theft of property. She was sentenced to seventy-two months in the Arkansas Department of Correction on each count, to be served concurrently. On November 20, 2006, Petitioner filed a petition under Arkansas Rule of Criminal Procedure 37 for post-conviction relief with the trial court. Petitioner raised four grounds for relief in her Rule 37 petition: (1) ineffective assistance of counsel; (2) mental incompetency; (3) denial of her right to appeal; and (4) introduction of evidence gleaned pursuant to an unlawful arrest. While Petitioner's Rule 37 motion was pending, she filed a § 2254 petition for writ of habeas corpus with this Court that was dismissed as premature. See *Perry v. Norris*, 5:07-cv-00226 BD (E.D. Ark. filed Sept. 4, 2007). The Circuit Court denied Petitioner's Rule 37 petition on December 12, 2007.[1]

On February 4, 2008, Petitioner filed this § 2254 petition for writ of habeas corpus (#2) raising three grounds for relief: (1) the trial judge gave false information and forged the departure report; (2) two amended judgment and commitment orders are different and signed by different people; and (3) the arrest reports contain inconsistent times.

---

[1] It does not appear that Petitioner filed a timely notice of appeal of the trial court's denial of her Rule 37 petition. See Ark. R. App. P. Crim. 2(a)(4) (appeal of denial of Rule 37 post-conviction petition must be filed within thirty days of entry of order of denial).

Respondent answered, contending that Petitioner's claims have been procedurally defaulted and Petitioner has failed to establish cause for the default (#15). The Court gave Petitioner an opportunity to respond to show cause for the alleged default (#16). Petitioner replied by providing the Court with several supplements to her petition (#21, 27, 28) and a response (#23). Petitioner's supplements and response raise two additional claims for habeas relief: (1) unlawful search and seizure; and (2) double jeopardy.

### III.  Motion to Amend/Correct Petition:

Pending is Petitioner's Motion to Amend/Correct Petition (#13) to raise unlawful search and seizure as an additional claim for habeas relief.[2] The Court recommends that the District Court deny Petitioner's motion. Since filing her motion, Petitioner has raised the same claim of unlawful search and seizure more specifically in a Response (#23) filed with the Court on April 9, 2008, and the Court has considered this as one of Petitioner's claims in this recommendation. Therefore, her motion to amend should be denied as moot.

### IV.  Procedural Default:

Habeas relief is available to a petitioner after he or she "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254 (b)(1)(A). In order to exhaust, the petitioner must "use the State's established appellate review procedures."

---

[2] Petitioner raises other issues in her motion to amend that are irrelevant to her habeas petition.

*Armstrong v. Iowa*, 418 F.3d 924, 925 (8th Cir. 2005) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728 (1999)).  State remedies are not fully exhausted if a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." *Id*. § 2254(c).  This requires state prisoners to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Arkansas Rule of Criminal Procedure 37.2(b) and (e) provides that, in order to be considered, an issue must be raised in the original or amended petition, and an issue is waived if it is not raised in the petition. See also *Snelgrove v. State*, 292 Ark. 116, 120-21, 728 S.W.2d 497, 499 (1987) (where Arkansas Supreme Court refused to consider issue appellant raised regarding his guilty plea because the issue was not raised in a petition for post-conviction relief).  A habeas petitioner must present both the factual and legal premises of a claim to the state court and afford that court an opportunity to review the claim on its merits to preserve a claim for relief. *Moore-El v. Luebbers*, 446 F.3d 890, 897 (8th Cir. 2006)(citations omitted).

In this case, Petitioner pled *nolo contendre* to the charges that led to her sentence. Accordingly, Plaintiff could not file a direct appeal of her conviction.  See ARK. R. APP. P. CRIM. 1(a).  Plaintiff filed a Rule 37 petition with the trial court in which she raised four grounds for relief:  (1) ineffective assistance of counsel; (2) mental incompetency;

(3) denial of right to appeal; and (4) use of evidence gathered pursuant to an unlawful arrest.  The Circuit Court denied the petition.

Petitioner does not raise any of the same claims in her habeas petition that were properly raised before the Circuit Court in her Rule 37 petition.  Petitioner claims that her Rule 37 argument "evidence pursuant to an unlawful arrest" is the same as her "false information" claim raised here maintaining "There were several documents that were summited.  As evidence when it was 'Inadmissable Evidence [sic].'"  (#23 at pp. 1, 14, 16).

After reviewing her state court petition, however, it is clear that Petitioner's claims are not similar.  In her Rule 37 petition Petitioner claimed, "I was arrested on some one elses charges and cheacks and convictied of theft of property of, Sonics Drive in checks and four counts of forgery, I didn't do I was charged with Cleons Perrys/Charlotte Wynne/Andrea Dansys, checks that were forged and cashed that I was not responsible for or Told I was getting time for [sic]."  (#23 at pp. 23-24)  The Circuit Court considered this as a claim that "she was somehow arrested unlawfully" and denied the claim.  (#15-2 at p. 4)  Petitioner did not preserve her "false information" claim by raising an "unlawful arrest" claim in her state court petition.

Accordingly, all of the claims Petitioner raises are procedurally defaulted unless she can establish "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a

5

fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991).

A.   *Cause for Default*

The cause and prejudice standard applies to procedural defaults on appeal as well as at trial. *Murray v. Carrier*, 477 U.S. 478, 491, 106 S.Ct. 2639 (1986). Under this standard, cause is established when "some objective factor external to the defense impede[s] counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488. In her reply, Petitioner argues that her default was caused (1) by an ADC employee telling her that when her Rule 37 was denied or granted, she could "file again," (#23 at p. 15), and (2) by the clerk's failure to send her a "copy of correction of an illegal sentence." (#23 at 15) Neither of these circumstances constitutes cause for Petitioner's failure to raise her arguments below. See *Williams v. Lockhart*, 873 F.2d 1129, 1130 (8th Cir. 1989), cert. denied, 493 U.S. 942 (1989) (ignorance of law does not constitute cause for default); *Sherron v. Norris*, 69 F.3d 285 (8th Cir. 1995) (failure to obtain a transcript is not cause if the plaintiff fails to show that the transcript was required to decide issues). Because Petitioner has not established cause for her failure to raise her claims with the state court, it is not necessary to reach the question of prejudice.

B.   *Miscarriage of Justice*

Petitioner also may overcome procedural default by showing that failure to hear her Petition would result in a miscarriage of justice. To establish a miscarriage of justice,

Petitioner must show that, based on new evidence, a constitutional violation has resulted in the conviction of someone who is actually innocent. *Pitts v. Norris*, 85 F.3d 348, 350 (8th Cir. 1996). This exception is concerned only with claims of actual innocence, not legal innocence. *Id*. A claim of actual innocence requires that petitioner "support his allegation of constitutional error with new reliable evidence. . . ." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865 (1995)). Actual innocence may be established by a credible declaration of guilt by another, a trustworthy eyewitness account, or exculpatory scientific evidence. *Id*.

In support of her claim of actual innocence, Petitioner claims: (1) the charges to which she pled guilty were based on "inadmissable evidence" (#23 at pp. 1, 14); (2) her due process rights were violated because she was denied the opportunity to file a motion for speedy trial (#23 at p. 14); (3) ineffective assistance of counsel (#23 at p. 14); and (4) unlawful search and seizure in violation of the Fourth Amendment (#23 at p. 15). Petitioner's arguments relate to legal innocence, not actual innocense. Further, Petitioner has not come forward with any new evidence of actual innocence. Petitioner attaches numerous exhibits to her response, but all of these documents were available to Petitioner at the time she pled *nolo contendere* to the charges before the Circuit Court. Thus, the Court recommends her claims be dismissed for procedural default.

## V. Conclusion

The Court recommends that the District Court dismiss with prejudice Petitioner's petition for writ of habeas corpus (#1), and deny the pending motion to amend/correct (#13) as moot.

DATED this 2nd day of May, 2008.

_____
UNITED STATES MAGISTRATE JUDGE